UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

UBS SECURITIES LLC,
                                             :

                Plaintiff,            :

              -against-             :

INTERNATIONAL HOSPITAL CORPORATION   :
HOLDING N.V. and INTERNATIONAL HOSPITAL  :
CORPORATION,                           :

             Defendants.        :
------------------------------------------------------------------ x

Civil Action Number:
09 CV 3798 (LAP)

ANSWER

       Defendants International Hospital Corporation Holding N.V. and International

Hospital Corporation (collectively, "International Hospital"), by their undersigned

counsel, for their Answer to the Complaint, state:

       1.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 1 of the Complaint.

       2.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 2 of the Complaint.

       3.      Admit the truth of the allegations set forth in paragraph 3 of the Complaint.

       4.      Admit the parties entered into the referenced agreements, deny the truth

of the allegations set forth in paragraph 4 of the Complaint and refer the Court to the

agreements for their terms.

       5.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 5 of the Complaint.

       6.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 6 of the Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.    Admit the truth of the allegations in paragraph 8 of the Complaint.

9.    Deny the truth of the allegations set forth in paragraph 9 of the Complaint.

10.    Deny the truth of the allegations set forth in paragraph 10 of the Complaint and refer the Court to the agreement for its terms.

11.    Deny the truth of the allegations set forth in paragraph 11 of the Complaint.

12.    Deny the truth of the allegations set forth in paragraph 12 of the Complaint.

13.    Admit the truth of the allegations set forth in paragraph 13 of the Complaint.

14.    Deny the truth of the allegations set forth in paragraph 14 of the Complaint and refer the Court to the agreement for its terms.

15.    Repeat and reallege the prior responses in response to paragraph 15 of the Complaint.

16.    Deny the truth of the allegations set forth in paragraph 16 of the Complaint.

17.    Deny the truth of the allegations set forth in paragraph 17 of the Complaint.

18.    Deny the truth of the allegations set forth in paragraph 18 of the Complaint.

2

19.    Deny the truth of the allegations set forth in paragraph 19 of the Complaint.

20.    Repeat and reallege the prior responses in response to paragraph 20 of the Complaint.

21.    Deny the truth of the allegations set forth in paragraph 21 of the Complaint and refer the Court to the agreement for its terms.

22.    Deny the truth of the allegations set forth in paragraph 22 of the Complaint.

23.    Admit the truth of the allegations set forth in paragraph 23 of the Complaint.

24.    Deny the truth of the allegations set forth in paragraph 24 of the Complaint.

25.    Deny the truth of the allegations set forth in paragraph 25 of the Complaint.

26.    Repeat and reallege the prior responses in response to paragraph 26 of the Complaint.

27.    Deny the truth of the allegations set forth in paragraph 27 of the Complaint and refer the Court to the agreement for its terms.

28.    Deny the truth of the allegations set forth in paragraph 28 of the Complaint.

29.    Deny the truth of the allegations set forth in paragraph 29 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30.    The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31.    The claims are barred by the doctrines of estoppel, ratification and waiver.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32.    Plaintiff UBS Securities LLC ("UBS") is guilty of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.    The expenses sought are not reasonable as required by the parties'

agreement.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.    UBS failed to obtain International Hospital's consent for expenses as

required by the parties' agreement.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.    No actual controversy exists since a "Qualifying Placement" has not

occurred so no obligation is owed to UBS.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

36.    UBS failed to provide back up for its alleged expenses, despite due

demand.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE AND OFFSET

37.    UBS breached the parties' agreement, including UBS' duty of good faith

and fair dealing, by failing to properly staff the parties' engagement. As a result, UBS

terminated the key engagement staff leading to a lack of continuity and progress for the

engagement.

4

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE AND OFFSET

38.     UBS, upon information and belief, breached the parties' agreement,
including UBS' duty of good faith and fair dealing, by disclosing without authority or
proper business purpose to third party investors and institutions International Hospital's
proprietary and confidential financial and business information to the detriment of
International Hospital.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE AND OFFSET

39.     UBS, upon information and belief, breached its duties as International
Hospital's placement agent and confidential financial advisor by disclosing without
authority or proper business purpose to third party investors and institutions
International Hospital's proprietary and confidential financial and business information to
the detriment of International Hospital.

WHEREFORE, International Hospital demands judgment: (a) dismissing the
Complaint; (b) awarding International Hospital its costs, disbursements and expenses;
and (c) such other relief as is just and proper.

Dated:  New York, New York
        June 3, 2009

FRYDMAN LLC

By: _____
    David S. Frydman (DF-8095)
    Counsel for Defendants
    18 East 48th Street, 10th Floor
    New York, New York 10017
    (212) 355-9100
    (212) 355-8988 (facsimile)
    dfrydman@frydmanllc.com

To:  Joel M. Miller, Esq.
     Charles R. Jacob III, Esq.
     MILLER & WRUBEL P.C.
     Counsel for Plaintiff
     570 Lexington Avenue, 25th Floor
     New York, New York 10022
     (212) 336-3500

CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2009, the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
June 3, 2009

DAVID S. FRYDMAN

7